IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **MELISSA A. DOUGLAS,** | : |
| Plaintiff, | : |
| VS. | : NO. 4:24-cv-70-CDL-AGH |
| Judge G. WAYNE AMMONS | : |
| Defendant. | : |

## ORDER OF DISMISSAL

Plaintiff Melissa A. Douglas, an immigration detainee in the Stewart Detention Center in Lumpkin, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. ECF Nos. 4; 7. The Court previously granted her motion to proceed *in forma pauperis*. ECF No. 6. Following review of Plaintiff's complaint, it is determined that her action must be **DISMISSED** with prejudice.

**I. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a preliminary screening when the plaintiff is proceeding *in forma pauperis* and dismiss the case if it determines that the action "is [1] frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell*

*v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

### II. STATEMENT AND ANALYSIS OF CLAIMS

A. Allegations

Plaintiff states that six Stewart Detention Center detainees assaulted her on January 15, 2024. ECF No. 7 at 5. She alleges that these detainees planned the assault days in advance and "one-third of [her] hair was pulled out from the roots." *Id*. The investigators sent the necessary documents and statements to the Stewart County authorities. *Id*. at 3. Chief Magistrate Judge G. Wayne Ammons reviewed the evidence several times and determined the detainees were engaged in "mutual combat" and no criminal warrants would be issued. *Id*. at 5, 6; ECF No. 1-1 at 1-2. Plaintiff asks this Court "to look into the incident and state whether charges should have been filed" and award "monetary compensation" against Chief Magistrate Judge G. Wayne Ammons for "look[ing] the other way" and refusing to file charges against her assailants. ECF No. 7 at 6.

B. Analysis

Judge Ammons is entitled to absolute judicial immunity from damages for acts he takes while acting in his judicial capacity unless he acts "in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks and citations omitted). In Georgia, magistrate judges have "discretion to determine whether or not probable cause exists for the issuance of an arrest warrant based on his own

3

knowledge or on the information of others given to him under oath." *Chisholm v Cofer*, 448 S.E.2d 369, 369 (Ga. 1994) (per curiam) (citing O.C.G.A. § 17-4-40). Thus, Chief Magistrate Judge Ammons was acting in his judicial capacity and had jurisdiction to determine whether or not criminal warrants would be issued for individuals involved in the January 15, 2024 incident at the Stewart Detention Center. While Plaintiff might disagree with his decision, Judge Ammons has judicial immunity from damages even if his actions were "in error, malicious, or . . . in excess of his . . . jurisdiction." *Bolin*, 225 F.3d at 1234.

This Court cannot investigate the incident and determine if charges should be brought against the individuals who assaulted Plaintiff. The decision to prosecute rests with the proper prosecuting authority for Stewart County or other relevant county, and relief from this Court in the form of an investigation and prosecution is not available. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citation omitted) (finding that district court properly dismissed plaintiff's complaint with prejudice because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted).

In conclusion, it is **ORDERED** that Plaintiff's action is **DISMISSED with prejudice** because Chief Magistrate Judge G. Wayne Ammons is absolutely immune from monetary damages under 28 U.S.C. §1915(e)(2)(B)(iii) and Plaintiff's claims are frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Willaims*, 490 U.S. 319, 327 (1989) (citation omitted) (stating a claim seeking relief from defendants who are immune from

suit stands frivolous as a matter of law).[1]

**SO ORDERED** this 13th day of August, 2024.

                                              S/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA

---

[1] Normally before dismissing with prejudice, the Court must allow the plaintiff an opportunity to amend her complaint. But, in this case, no amendment could overcome Plaintiff's obstacles to recovery. A dismissal with prejudice without allowing amendment is, therefore, appropriate. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing *Burger King Corp. v. C. R. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (finding no need to allow amendment before dismissing with prejudice if amendment would be futile); *Simmons v. Edmondson*, 225 F. App'x. 787, 788-89 (11th Cir. 2007) (finding district court did not err in dismissing complaint with prejudice without first giving the plaintiff an opportunity to amend because no amendment could overcome the defendants' immunity and amendment would, therefore, be futile).